IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIDNEY J. MADDOX, <br><br> Plaintiff, <br><br> v. <br><br> CAMDEN COUNTY DEPARTMENT OF CORRECTIONS <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-5984 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Sidney J. Maddox, Plaintiff Pro Se
513 Race Street
Palmyra, NJ 08065

**SIMANDLE, Chief District Judge:**

I.    INTRODUCTION

    Plaintiff Sidney J. Maddox seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Department of Corrections. Complaint, Docket Entry 1.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff alleges that he was detained by the Camden County Department of Corrections for five days in October 2000, and that he was denied access to a doctor, toothbrush, wash cloth, pen, paper, and pillow during his detention. Complaint § III. He further alleges that he was forced to sleep on the floor of his cell. *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff seeks monetary damages for allegedly unconstitutional conditions of confinement. However, the complaint is barred by the statute of limitations.

New Jersey's two-year limitations period for personal injury governs § 1983 actions in federal court.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

Plaintiff states he was detained by the Camden County Department of Corrections in October 2000. The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired, at the latest, in 2002. Plaintiff filed this case too late and it will be dismissed. The complaint will be dismissed with prejudice, and the Court will deny leave to amend as there are no grounds for equitable tolling of the statute of limitations.[2] *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (holding leave to amend should generally be granted unless "leave to amend unless amendment would be inequitable or futile").

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

**V.   CONCLUSION**

    For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**October 19, 2016**                                       **s/ Jerome B. Simandle**
Date                                                     JEROME B. SIMANDLE
                                                           Chief U.S. District Judge